FEDERAL LAND BANK OF SPRINGFIELD, Plaintiff, v. MIRZA J. TOBIAS, Appellant; DONALD WEAVER, Individually and as Administrator of the Estate of J. WELLS WEAVER, Deceased, et al., Respondents, et al., Defendants.— Appeal from an order of the Supreme Court, Ulster County Special Term, which denied a motion to confirm a referee's report in surplus money proceedings, and directed payment of the surplus to the defendants-respondents. Appellant claims ownership of a mortgage, executed October 25, 1921. One of the chief defenses to appellant's claim to the surplus moneys by virtue of the mortgage was that the Statute of Limitations had run against it. Appellant contended that a payment of $20 had been made on the mortgage May 15, 1948, and the debt thus revived. The matter was referred to a referee who found for appellant. The Special Term denied the motion to confirm the referee's report on the ground that certain key testimony received as to the $20 payment was inadmissible because the witness was incompetent to testify under section 347 of the Civil Practice Act. Without this testimony, the Special Term held, there was no means of identifying the payment as testified to by the witness Ronk as applying to the mortgage in question. Assuming that the testimony complained of was inadmissible there was nevertheless some other evidence tending to support the payment and its identity with the mortgage. Appellant had commenced a foreclosure action on the mortgage and in his complaint had

recited the $20 payment alleged to have been made on May 15, 1948. This action was abandoned when the Federal Land Bank started its foreclosure action. On the hearing before the referee respondents offered appellant's foreclosure complaint in evidence and it was received. Hence there was some evidence, produced by the respondents themselves, tending to identify the payment which the witness Ronk said he saw made. Under the circumstances we think the order should be reversed and the matter remitted to the Special Term for a new hearing. We express no opinion as to the merits of the controversy except to observe that it is not necessary to plead with particularity the Statute of Limitations in a surplus money proceeding. Order reversed, on the law and facts, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.